## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

KENNETH SHARPLES,

Plaintiff,

v.                                                         Case No. 21-CV-00335-SPM

INTERNAL REVENUE SERVICE,

Defendant.

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

On March 26, 2021, plaintiff Kenneth Sharples ("Sharples") filed a Petition for Injunctive Relief against the Internal Revenue Service ("IRS") (Doc. 2). On April 9, 2021, Sharples filed an Amended Petition for Injunctive Relief wherein he alleges that the IRS has failed to comply with the CARES Act and his Economic Impact Payments (Doc. 7). Under "Relief Requested", Sharples wrote "$1602.00 for the $1200 he claims he is owed under the CARES Act, as well as the $402.00 filing fee" in this matter." (*Id.*).

Although Sharples has paid the filing fee, his claim must still undergo initial screening. District judges have ample authority to dismiss frivolous or transparently defective suits *sua sponte,* and thus save everyone time and legal expense. *Hoskins v. Poelstra,* 320 F.3d 761, 763 (7th Cir. 2003).

Federal tax payments are subject to a broad regulatory scheme which requires persons challenging any alleged deficiency to adhere to specific procedures and the

deadlines. Those include seeking relief from the IRS itself, and then from a United States Tax Court - not a district court.[1] Therefore, the Complaint is frivolous in that it fails to engage the Court's subject matter jurisdiction. *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002),

For the foregoing reasons, Sharple's case is **DISMISSED with prejudice**.

Out of an abundance of caution, the Court advises Sharples as follows: If Sharples wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Sharples chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 60 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Sharples files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Sharples wants to start with the undersigned, he should file a motion to alter or amend the judgment pursuant to Rule 59(e). Fed. R. Civ. P. 59. The motion *must* be filed within twenty-eight (28) days of the entry of judgment, and

---

[1] *See* https://www.irs.gov/newsroom/taxpayer-bill-of-rights-4-the-right-to-challenge-the-irss-position-and-be-heard-1 and https://www.irs.gov/coronavirus-tax-relief-economic-impact-payments (last visited April 21, 2021).

the deadline *cannot* be extended. Fed. R. Civ. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish: (1) that the court committed a manifest error of law or fact; or, (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 60-day clock for filing a notice of appeal will be stopped. Fed. R. App. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. Fed. R. App. P. 4(a)(1)(A), (a)(4), (a)(4)(B)(ii). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 60 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Sharples showing excusable neglect or good cause.

If Sharples chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. Fed. R. App. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. Fed. R. App. P. 3(e). If Sharples cannot afford to pay the entire filing fee up

front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion"). *See* Fed. R. App. P. 24(a)(1)(C). The IFP motion must set forth the issues Sharples plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).

**IT IS SO ORDERED.**

**DATED:   April 22, 2021**

**s/ *Stephen P. McGlynn***
**STEPHEN P. McGLYNN**
**U.S. District Judge**